## WILSON & WIFE ET ALS. *vs.* CROOK ET AL., ADM'RS.

1. A court of chancery will entertain a bill filed for the discovery of assets, which an administrator has failed to return in his inventory, and having jurisdiction for that purpose, should go on and close the administration.

2. Where in closing an administration in chancery, it is found necessary to sell the real estate for the payment of debts, the chancellor can order them to be sold, as near as may be, in the manner prescribed by statute for sales in similar cases under an order of the Orphans' Court.

Error to the Chancery Court of Benton. Tried before the Hon. W. W. Mason.

THIS was a bill filed by the plaintiffs against the defendants in error as administrators of Sam'l F. Clawson, dec'd, for a discovery of assets, &c. The facts are sufficiently stated in the opinion of the court.

J. B. MARTIN, for plaintiffs:

1. The bill alleges that a portion of assets came to the hands of the administrator and administratrix, which they failed to return in their inventory, and that they have collected monies

belonging to said estate, for which they have not accounted to the Orphans' Court, and that they (the complainants) can only make proof of the same by the defendants, and therefore pray a discovery. The defendant, Crook, the administrator who managed said estate, admits the same to be true in his answer, and consents that this court shall take jurisdiction of the case, and make a complete settlement: That this gives to the court of chancery jurisdiction and entitles it to retain it for all purposes, —See 1 Story's Eq. Jurisp., p. 505-14-456; Leavens v. Butler, et ux., 8 Porter, p. 380 ; Blakey, Adm. et al. v. Heirs of Blakey, 9 Ala. R. 391; Dement, et al. v. Adm'rs of Boggess, 13 Ala. R. 140 ; Nelson & Hatch v. Dunn et al., 15 Ala. R. 501; Hunley et al. v. Hunley, 15 Ala. R. p. 91.

RICE & MORGAN, for defendants.

PARSONS, J.—The sisters and brother of Samuel F. Clawson, deceased, and the husbands of the sisters, are the complainants. The bill was filed in 1843, more than eighteen months after the grant of administration. The administration was granted by the Orphans' Court of Benton county, on the 4th day of December 1840, to the defendants, John M. Crook and Harriet Clawson, then the widow of the intestate, and now the wife of the defendant, Hiram Mitchell. It appears that the complainants, who are the sisters and brother of the intestate, are his heirs at law and distributees, he having died without will or issue. It appears also, by the bill, that the intestate left considerable real and personal estate, and that the representatives had not made a full return of the latter to the Orphans' Court. It appears by the bill that a discovery of the personal estate, not reported to the Orphans' Court, is necessary; and it appears by the answer of the defendant Crook, that a portion of the personal estate was not reported to the Orphans' Court. As to this, the answer, however, gives excuses which, if true, are very satisfactory; and we are not at all disposed to question their truth. But the fact is, notwithstanding, that the personal estate was not fully returned to the Orphans' Court. The case, therefore, was a proper one for a discovery, and the chancellor having a right to the jurisdiction of it for that purpose, should have gone on to close the administration, which appears to have been the object of the bill.—Hunley v. Hunley, 15 Ala. R. 91.

The chancellor, however, dismissed the bill at the hearing on the merits, without taking any account of the debts owing to the estate; of the personal or real estate of the intestate; of the matters of mismanagement or negligence alleged by the pleadings, or of any matter or thing whatever, although it is scarcely to be doubted from the pleadings and evidence, but that the entire personal and real estate will pay the debts of the estate and the expenses of administration, and leave a surplus for distribution. It will probably appear, after the necessary accounts are taken, that it will be necessary to sell the lands of the intestate, or a portion of them, to pay his debts. If so, they can be sold, under order of the chancellor, in the manner, as near as may be, as that prescribed by statute for sales in similar cases under order of the Orphans' Court.

Let the decree be reversed and the cause remanded.

CHILTON, J., not sitting.