## NAPIER ET AL. *vs.* JONES, ADM'R.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Vendor's lien; when part of contract for sale of land.*—To every contract for the sale of lands legally executed in this State, the right of the vendor to retain a lien on the lands sold, for the payment of the purchase-money, is an incident of such contract, unless it is waived or abandoned.

2. *Same; what not waiver of.*—The mere execution of a bond for the purchase-money with two sufficient sureties, and the execution and delivery of a deed by the vendor to the vendee for the lands sold, is not a waiver or abandonment of such lien, when it is otherwise understood and agreed by the parties at the sale and the delivery of the deed.

3. *Same; how may be enforced.*—In such a case, the vendor's lien may be enforced by bill in chancery, against the vendee, or a sub-purchaser with notice of the lien.

3. *Assignment of error; practice of court as to.*—Generally, a general assignment of error will not be extended, by this court, beyond the specific objections insisted on in the arguments and briefs of counsel at this bar.

APPEAL from Chancery Court of Lawrence.

Heard before Hon. WM. SKINNER.

THIS is a bill in chancery filed by Hodge L. Stephenson as the executor of the last will of James Wallace, deceased, and revived in the name of Theophilus Jones as his successor, to enforce a vendor's lien on lands sold by said executor, under the provisions of the will, to appellant, Napier, trustee of his wife, Mary C. Napier, in November, 1858, at public sale. The clause of the will under authority of which said sale was made, is in these words: "I request that my executor shall give my three boys, George, Ell, and Tom, the choosing of their own masters, and that he shall sell them to the one whom they may choose at a fair price, making the debt secure. And all the balance of my estate, both real and personal, not named in this will, to be sold at public outcry on twelve months time. And after all my debts are settled, the balance of my money that may be in the hands of my executor to be paid and appropriated to free schools in township (7) seven, range (9) nine, west, in Lawrence county, except $200 dollars to the benefit of H. L. Stephenson, for his kindness to me in our transactions."—8th Item of the Will:

This was the only clause giving any power to sell. At the sale, thus authorized to be made, the real estate was purchased by appellant as the trustee of Mary C. Napier, for the sum of seven thousand, four hundred and forty-four dollars and eighty cents. This sale was upon a credit of twelve months, and the purchaser was required to secure the payment of the purchase-money by bond with two sufficient sureties, and it was declared by the vendor at the time of the sale, as one of the terms of the sale, that a lien was retained upon the land to secure the purchase-money. For the price of the land thus sold, together with a considerable amount of personal property, also purchased at the same sale, by Napier, he executed his note, with Fletcher C. Vincent and John C. Stephenson as his sureties. Said note bears date November 13, 1858, and is payable to H. L. Stephenson, the executor named in said will, and falls due in twelve months from its date. On the same day the note bears date, Stephenson, as executor, executed and delivered to Napier a deed conveying said lands. No men-

tion is made in the note or on the face of the deed of the lien or its retention for the security of the purchase-money. Yet the lien was in fact retained in pursuance of the terms of the sale, as proclaimed at the time of the sale, and asserted by the executor and assented to by Napier at the date and the delivery of the deed of conveyance to him.

The note for the purchase-money of the lands was not paid at maturity. Afterwards the executor filed this bill to enforce his said lien. The obligors to said bond and said Mary C. Napier were made parties defendant to the suit; all were served with subpœnas, and all answered the bill, but not upon oath. The allegations of the bill are admitted, except those that assert said lien, and the appellants rely upon the bond with sureties and the deed (in which no mention is made of the lien) as an abandonment and waiver of the lien. The defendants took no evidence in the court below; and the evidence of the complainant clearly shows that the statements of the bill in reference to the retention of the lien, notwithstanding the bond and deed, are true. The chancellor ascertained the balance of the purchase-money due and unpaid upon the note, and rendered judgment for the same on the final hearing against the defendants, and decreed that the complainant was entitled to a lien on said lands for the payment of the same, and ordered the lands mentioned in the bill to be sold for the purpose of satisfying the decree.

From this decree the defendants appeal to this court, and here assign said final decree for error.

RICE, CHILTON & JONES, and LEWIS & FULLERTON, for appellants.—1. As long ago as January, 1842, this court, upon a deliberate review of the English and American authorities, settled it that "where the vendor executes a conveyance and takes a distinct and independant security of property, or the responsibility of third persons, the lien on the land is waived;" and approved the decision in *Wilson v. Graham*, (5 Munf. R. 297,) to the effect that "where a vendor of land executed a conveyance, and took from the purchaser a bond with surety, the equitable lien was gone, even

while the land continued the property of the purchaser;" and cited other cases to the same effect.—*Foster v. The Trustees of the Athenæum*, 3 Ala. 302.

2. This decision has become a rule of property, and has been uniformly acted upon as such in this State for nearly thirty years. It is too late to disturb it. The maxim, "*stare decisis*," must apply here or be repealed.

Manifestly the decree of the court below should be reversed, and a decree be here rendered dismissing the bill, upon the authority of the case above cited from 3d Alabama Reports.

*McIntosh v. Reid*, (at last term,) is wholly different from the present case. This was a case of a sale under order of the probate court, to which the maxim "*caveat emptor*" applies in its utmost rigor, and to which other peculiar rules apply. The present is the case of a sale without the interposition of any court. The sale is by the executor in the complete execution of plenary power to make it conferred by the will. It is, in effect, a sale under a power which excluded the retaining of a lien. The testator carefully sets down and specifies in his will what the executor must get. He does not mention lien, but he does mention a bond with security. "*Expressio unius exclusio alterius.*" The power was completely executed and exactly fulfilled; a conveyance was made, and no mortgage or other lien taken or claimed. Under such circumstances, no court in this State can give a lien to the executor of the will and of the power. There is no reason for it, and our settled law is against it. The difference between a sale under order of probate court, and under power conferred by will, is well illustrated in *Ala. Conference M. E. Church South v. Price*, 42 Ala. 39.

It is unnecessary to deny that a vendor may make a conveyance and take a note or bond with security, and by express agreement at the time of sale preserve and retain a vendor's lien as against the vendee. But conceding that position to be true, it is true only as to a vendor who sells his own land; it is not true as to an executor who sells the

land of a testator in the execution of a mere power conferred by the will of the testator.

The testator himself, by his last will and testament, waived the vendor's lien; that is the legal interpretation of the will. And as the testator thus waived the lien, the executor could not, whilst executing the power conferred by the will, undo what the testator had done. The executor had no authority in the execution of that power, except that which the will conferred upon him. Whatsoever the executor, in the execution of that power, did beyond the power itself, was "*ultra vires*" and a nullity. He could only execute the power.—*Ala. Conf. M. E. Church South v. Price, Executor*, 42 Ala. 39, and authorities there cited.

In the case last cited the will gave power to sell, but the sale was made, not under the power, but under an order of probate court. It was therefore held to be a nullity.

R. O. PICKETT, *contra.*—"It is said every vendor has a lien upon the estate he has sold, to the amount of the purchase-money, unless he has by his own act waived his right."

"The universal rule laid down on this point seems to be, that every case must depend and be determined by its own circumstances." And the principle has been carried to this extent, that the lien exists, unless the intention, and a manifest intention that it shall not exist, appears.—6 Ves. Jur. 97, note 2; *ib.* 483; *ib.* 757; 2 Story's Eq. §§ 1218, 1224; 40 Ala. 540; 43 Ala. 663; 15 Vesey, 340–350.

Taking separate and independent security is not of itself a positive waiver of the lien, such as a note or bond with security for the money. It exists in every case of a sale where the money is not paid, unless it be otherwise agreed between the parties, either expressly or by such arrangement as clearly to show their intention. And it is incumbent on the party contesting the lien to show that it has been relinquished.—See the following cases: 2 Story's Eq. § 1226; 1 John Ch. Ca. 308; 3 Bibb, 183; 4 Kent, 153; 1 Paige, 20; 2 Yerger, 84; 6 Yerger, 50; 3 Hayw. 197; 6 Vesey, 752; 9 Cowan, 316; 5 Munf. 297; 3 Sug. on Vendors, top p. 123, and note 2.

The vendor's lien will be defeated if he do any act manifesting his intention not to rely on the land as security for the purchase-money. But what act would be deemed a waiver of his lien is not so easily defined. The lien can only be waived by taking collateral security showing his intention to waive his lien, or by an express agreement to that effect. But the presumption of a waiver may be rebutted by evidence that it was intended that the vendor should retain the lien.—Washburn on Real Estate, top page 90; 3 Geo. 333; 21 Cal. 175; 43 Barbour, 29; 1 Mason, 217–19; 1 S. & Mar. 463; 3 J. J. Mar. 553; 3 Par. on Contracts, 277.

Vendor's lien is retained as well when the conveyance is made, as when bond for title is given; and it is not necessary to exhaust the legal remedy before resorting to its enforcement. The lien follows the consideration unless an intention to interrupt it is shown.—*Campbell v. Roach et al.,* 45 Ala.

The vendor has the right to give in evidence the real nature of the transaction, to show his lien was not waived or discharged, although the contract is stated in the conveyance.—17 Eng. Law & Eq. 457. And the principle is well established that parol proof is admissible in equity to establish a trust in certain cases where the deed is absolute on its face.—1 Greenl. Ev. § 266; 3 Greenl. Ev. § 365; Tiff. & Ballard on Trusts, 191, *et seq.;* Shepherd's Digest, §§ 26ʊ-7-8-9; 44 Ala. 227.

"The appellant insists that the sale of the lands was made under a power conferred by the will, which excluded the retaining of a lien, and that the testator carefully sets down and specifies in his will what the executor must get, and that he does not mention a lien, but does mention bond and security; and that the power was completely executed and exactly fulfilled. "*Expressio unius exclusio alterius.*"

The appellants' counsel mistakes the language of the will conferring the power. It authorizes the executor to sell merely. By implication the will gives every power necessary to accomplish the purpose for which the sale is to be

made. The legal effect of the will would have authorized the taking of a mortgage; it is far from excluding such idea.

PETERS, J.—As early as 1842, now thirty years ago, it was, in a well considered opinion of this court, declared that "it is well settled, both in England and the United States, that the vendor, in the absence of any agreement to the contrary, retains a lien on the land he has sold and conveyed, for the unpaid purchase-money, and that this lien will be enforced against a subsequent purchaser with notice."—*Foster v. The Trustees of the Athenæum,* 3 Ala. 302, 305. This just exposition of this important principle has not been modified or abandoned. It was the law at the date of the sale involved in this case, and it governed the stipulations of this contract. The law of the contract enters into the contract itself, and in its construction forms a part of it. It may be said to be a dormant stipulation of the contract, and it must be enforced as a part of it, and as it is construed at the time of entering into it.—*Gelpcke v. City of Dubuque,* 1 Wall. 175.

The lien thus created attaches as well in favor of an administrator or executor with power to sell as in favor of any other person.—*Wood et al. v. Sullens,* 44 Ala. R. 686. Whether this lien has been waived or abandoned depends, in each case, upon the proofs.—*Macreth v. Symmons,* 15 Ves. Jur. 329; *Newsome et al. v. Collins,* 43 Ala. 656. Here, the evidence very clearly shows that the lien was expressly reserved, and that the taking of the bond and security and the execution of the deed was not intended to release it. When this is so, the testimony of decided cases is overwhelming in favor of its continued existence.—4 Kent, 152, 153, marg.; Tiff & Bull. on Trusts and Trustees, pp. 84, 85, 86, (ed. 1862); 2 Story's Eq. 1226; *Frail v. Ellis,* 17 Eng. L. & Eq. 457; 1 Parsons on Contr. p. 526, *et seq.*; 3 Sug. on Ven. p. 123, *et seq.,* top page; Washb. on Real Estate, top page 90, *et seq.; Ross v. Whitson et al.,* 6 Yerg. 50; *Gaston v. Green et al.,* 1 John. Ch. 308; *Campbell v.*

*Roach,* 45 Ala. 666; *Brooks v. Woods,* 40 Ala. 538; and the numerous authorities collected in appellee's brief.

There was no other question argued at the bar or discussed in the brief of the learned counsel for the appellants in this appeal. When such is the case, general assignments of error will not be extended beyond the specific error pointed out and argued at the bar and in the brief of counsel.—Rule of Practice No. 1; *Waller v. Shultzbacher & Paige,* 38 Ala. 318.

The decree of the court below is affirmed; and the appellants will pay the costs of this appeal in this court and in the court below.