[McKenzie v. Baldridge.]

# McKenzie v. Baldridge.

*Bill in Equity to enforce Vendor's Lien for Unpaid Purchase Money of Land.*

1. *Vendor's lien; sufficiency of bill to enforce.* — A bill to enforce a vendor's lien for the unpaid purchase money of land, which shows a sale of the land, payment of a part of the purchase money only, a willingness on the part of the vendor to make title on payment of the balance due, and that the vendor's lien has not been lost or waived, is not wanting in equity.

2. *Foot note to bill.* — When a bill is divided into sections or paragraphs, which are numbered consecutively, and the foot note requires the defendant " to answer all the statements of the above bill," this is a substantial compliance with the 10th rule of chancery practice.

3. *Blanks in bill.* — Under the 9th rule of chancery practice, bills which contain blanks are defective, and may be ordered to be taken from the files; but such defects are not causes of demurrer, unless they relate to matters of substance.

4. *Prayer for process.* — When the prayer of the bill asks that the defendant " be made a party defendant to this bill," it is not necessary also to ask that a subpœna be issued to him. It is the duty of the register to issue a subpœna on the filing of the bill.

5. *Averment of seisin and title.* — Where the vendor's bill alleges that he " was seized and possessed" of the lands sold, and that he " is able and willing to make title to said land " on payment of the purchase money due, this is a sufficient averment of ownership to sustain his bill.

6. *Form of decree; decree reversed and rendered.* — A decree for the complainant, under a bill to enforce a vendor's lien for the unpaid balance of the purchase money of land, should not order the entire proceeds of the sale of the lands by the register to be paid to him, but only the balance due, with interest and costs, and the residue, if any, to be paid to the defendant; but the appellate court, on reversing such a decree, will itself render the proper decree.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. WILLIAM SKINNER.

DAVID D. SHELBY, for appellant.

ROBINSON & WALKER, *contra.*

PETERS, J. — This is a bill in chancery filed by the vendor against the vendee, to enforce the lien for a balance of the purchase money, not paid at the time of the sale, for a tract of land properly described in the bill. The only defence is set up by demurrer. In this there are five grounds of objection stated. The first assails the bill for want of equity. The second and third causes of demurrer allege a disregard of the 9th rule of chancery practice, as prescribed by this court; and the fourth and fifth causes of demurrer rely upon the failure of the complainant to show in his bill that he had such title to the land sold as will enable him to make such title to the vendee as he contracted to make. This demurrer was overruled by the court below; and the defendant failing to file any other answer to the bill, judgment *pro confesso* was taken against him. On this judgment a final decree was rendered, which

[McKenzie v. Baldridge.]

grants the relief asked in the bill, and directs " that, unless the defendant shall, within thirty days from the adjournment of this court, pay the complainant said sum of twelve hundred and eighty-eight dollars ($1,288.00), then it shall be the duty of the register of this court to sell said land described in complainant's bill, for cash, at public auction, at the court-house of Madison County, State of Alabama, after having first given notice of the time and place and terms of sale, and description of the property, as required to be given by sheriffs before selling land ; and the proceeds of such sale, after paying the costs of this suit, he shall pay over to complainant or his solicitor."

From this decree, the defendant in the court below appeals to this court, and here he assigns the following errors : " 1st. The court below erred in overruling the demurrer.    2d. The court erred in the final decree.    3d. The court erred in decreeing that the register should sell said land, and that the proceeds of said sale, after paying the costs of this suit, he shall pay over to complainant or his solicitor.    4th. The court erred in not decreeing that, after the discharge of the costs, and the adjudged indebtedness of the defendant to complainant, the remainder of the proceeds of said sale, if any, should be paid to the defendant."

1. The first ground of demurrer denies the equity of the bill.  This is not sustained by the record.  The facts stated sufficiently show a sale of lands, without full payment of the purchase money, or a release of the vendor's equity, and a willingness and readiness in the vendor to make title on payment of the purchase money which was due.  This is enough.  *Napier* v. *Jones*, 47 Ala. 90, and cases there cited.

2. The statements of the bill are divided into four sections, and numbered accordingly from 1 to 4 ; and the defendant is required, in the foot note, " to answer all the statements in the above bill."  This is a sufficient compliance with the rule on this point.  Rules in Chan. No. 10.

3. The defects referred to and intended to be corrected under the 9th rule of chancery practice are not necessarily the subject of demurrer, unless they show a substantial defect in the statements of the facts, or want of parties, in the bill itself. The rule is in these words : " Bills which contain blanks shall be considered defective, and may be ordered to be taken off the file."  Rev. Code, p. 824, Rule 9.  The mode of relief here given is by motion to take the bill from the files.  This removes the defects thus allowed from the category of causes of demurrer, unless they are defects in the statements of facts or parties.  Here, this is not the case.

4. The blank complained of is supposed to be in the prayer

[McKenzie v. Baldridge.]

of the bill. This shows that the defendant, by name, is asked " to be made a party defendant to the bill," and for that purpose that " a subpœna may issue, &c." The blank assailed is, I suppose, the failure to ask, in lieu of the sign, " &c.," that subpœna may issue against the defendant, or words equivalent. It is true that the sign, " &c," means nothing, in such a connection; yet it was not necessary to ask for any subpœna at all in the prayer of the bill. A clear and orderly statement of the facts on which the suit is founded, which should contain the names of the proper parties complainant and defendant, " with a prayer for the appropriate relief," is all that our practice requires. Rev. Code, § 3327. When this is done, and the bill is filed, it becomes the duty of the register to issue the necessary summons, with a copy for each defendant. Rev. Code, § 3329. The record shows that this was properly done in this case.

5. The words used in the bill to show the complainant's title are, that he was " seized and possessed " of the lands sold by him to the defendant; and " that, on the payment of the purchase money, he is able and willing to make title to said land." To make title, in such a connection, must be construed to mean " a good title." *Hunter* v. *O'Neal*, 12 Ala. 37. This is all that the defendant could require, unless he sought a rescission of the contract. And this could not be shown on demurrer; as a rescission would not be allowed, except on a proper statement of facts to justify it. 1 Brick. Dig. p. 686, Sect. XIII. The words *seizin* and *possession* imply a holding by the rightful owner. 1 Washb. Real Prop. pp. 34 *et seq.*; also Walker's Amer. Law, pp. 324, 330; 4 Kent, pp. 2 *et seq.*; Crabb's Real Prop. p. 1000, *marg.* sect. 2374; Sugd. on Powers, p. 23, *marg.* The demurrer, then, was not well taken on any of the points suggested, and it was properly overruled.

6. The objections to the final decree are without force, except so much of the order of the chancellor as directs the whole of the proceeds of the sale of the lands, ordered to be sold, to be paid to the complainant, or his solicitor, after payment of the costs. The complainant is only entitled to his debt, interest, and costs; and if the proceeds of the sale exceeded these sums, the residue should have been ordered to be paid to the defendant. But this is an error that may be corrected in this court. Rev. Code, § 3502.

The judgment of the court below is, therefore, reversed, but the cause is not remanded; and this court, proceeding to render such decree in this cause as should have been rendered in the court below, doth order, adjudge, and decree that the said complainant, William F. Baldridge, have and recover of the said defendant, said John McKenzie, the sum of twelve hun-

[Ford v. Tinchant.]

dred dollars, his said debt for the purchase money unpaid for said lands, together with the further sum of 268$\frac{77}{100}$ dollars, interest on said debt up to the date of this decree, to wit, the 21st day of July, 1873, besides costs, and that he have execution for the same. It is further ordered, adjudged, and decreed that said above named debt and interest thereon is entitled to operate as a lien and charge on the lands described in said bill of complaint, to wit, the northwest quarter of section twenty-two, and the east half of the northeast quarter of section twenty-one, all in township two, and range two west, in said County of Madison, and State of Alabama; and unless the said John McKenzie, said defendant, shall, within thirty days from the day of the date of this decree, pay to the said complainant, William F. Baldridge, his said debt above named, and all interest due thereon, then the register of the Chancery Court for the County of Madison, in said State of Alabama, shall sell said lands above described and named in said bill of complaint, or so much thereof as may be necessary for the payment of said debt, and interest and costs, for cash, at public auction, at the court-house in said County of Madison, after having first given notice of the time and place and terms of said sale, and a description of said lands, in the manner required to be given by sheriffs at sheriff's sales in this State; and out of the proceeds of such sale, said register shall first pay the costs of this suit, and then apply the balance of the proceeds of such sale to the payment of the complainant's said debt and interest above named, until the same is fully satisfied; which may be paid to the said complainant, or his solicitor for him; and the residue, if any, he will pay to the defendant, said McKenzie. And the said appellant, said John McKenzie, and his surety for the costs of this appeal, the said David D. Shelby, will pay the costs of this appeal in this court, and in the court below. And the clerk of this court will certify this decree to the register of the court below, that the same may be enforced as required by law. July 22, 1873.