[Cowles v. Pollard.]

# Cowles & Wife v. Pollard.

*Bill in Equity to enforce Vendor's Lien for Purchase-Money of Land sold under Chancery Decree.*

1. *Decedent's estate; when removed into equity, and how settled.* — When the trusts of a will are doubtful, and there is any difficulty or embarrassment in the execution of them, a court of equity will take jurisdiction, at the instance of the personal representative, to construe the will, and aid him in the performance of his duties; and when the jurisdiction of the court has attached, on a bill properly filed for this purpose, it will go on and administer the estate, applying the law which regulates the conduct and settlement of administrations in the probate court, but proceeding according to the rules and practice of a court of equity.

2. *Same; sale of lands under decree.* — When the chancery court has taken jurisdiction of the administration of a decedent's estate, under a bill properly filed by the personal representative; and the lands have been sold, under a decree regularly rendered in the cause; and the sale has been reported to the court, and regularly confirmed — such sale is valid until reversed, or until set aside in a direct proceeding for that purpose.

3. *Purchase of lands by wife, at sale under chancery decree.* — A married woman may, with the consent and concurrence of her husband, become the purchaser of lands sold under a decree in chancery, or be substituted in the place of the purchaser at the sale; and may, jointly with her husband, execute her notes for the purchase-money, with a mortgage on the lands to secure their payment, as required by the terms of the decree; and if the sale is reported in her name as purchaser, and is confirmed by the court, and she enters into the possession of the land, and retains it until default is made in the payment of the purchase-money, she cannot resist a bill to foreclose the mortgage, or to enforce the vendor's lien, on the ground of her incapacity to make the contract.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. ADAM C. FELDER.

The original bill in this case was filed in May, 1873, by Charles T. Pollard, as the executor of the last will and testament of Thomas M. Cowles, deceased, against Thomas W. Cowles and his wife, Laura S. Cowles; and sought to foreclose a mortgage, executed by the defendants, to secure the unpaid purchase-money of a certain tract of land, which the complainant, as executor, had sold in December, 1859, under a decree of the said chancery court. The said lands were devised by said Thomas M. Cowles to said Thomas W. Cowles, Thomas C. Shearer, and Mary A. Holtzclaw, as tenants in common. In August, 1859, the executor filed his bill in said chancery court against the widow, devisees, and other persons interested in said testator's estate, asking the instructions of the court in the construction of the will, the execution of the trusts created by it, and the settlement of the estate; and while this suit was pending, the widow filed her bill in said court, against the executor and devisees, declaring her dissent from the will, and asking an allotment of her dower and distributive share of the estate. In this latter suit, at the November term, 1859, by consent of all the parties, a decree was rendered by the court, directing the executor to sell the lands, and requiring him to

[Cowles v. Pollard.]

report the sale to the court for confirmation. By the terms of the decree, one fourth of the purchase-money was to be paid in cash, and the residue in three equal annual instalments, secured by a mortgage on the lands. At the sale, under this decree, which was conducted in strict conformity with its terms, Robert S. Williams became the purchaser of the lands conveyed by the mortgage in this case, at the price of $27 per acre, amounting in the aggregate to $28,582.25; but afterwards, on the same day, by and with the consent of the executor, he sold his bid to said Thomas W. Cowles, who professed to act for himself and his wife, Mrs. Laura S. Cowles. The executor reported the sale to the court, and that Mrs. Cowles was the purchaser, and that the cash payment was made as required by the terms of the decree. The court confirmed the sale, and directed the executor to make a deed to Mrs. Cowles as the purchaser, on the execution by her and her husband of their promissory notes for the balance of the purchase-money, with a mortgage on the lands to secure their payment; and the deed, notes, and mortgage were executed accordingly. The facts connected with the sale, as above stated, were recited in the deed and mortgage respectively, except as to the connection of said Williams with the transaction. This is the mortgage which the bill sought to foreclose.

The bill alleged that said Thomas W. Cowles in fact paid no part of the purchase-money, but gave the executor a receipt for the amount as part of his distributive share of the testator's estate, which the executor accepted in lieu of the cash payment. Mrs. Cowles filed her answer and cross-bill, alleging that she furnished the money to her husband with which to make the cash payment, over $7,000; that this money was paid to the executor, and was used by him in taking up a bill of exchange which he had accepted for the accommodation of said Thomas W. Cowles, and which was secured by a mortgage on the interest of said Cowles in said estate; that this money was a part of her statutory separate estate; that the notes and mortgage were not binding on her, as she had no legal capacity to become the purchaser of the lands at the executor's sale, and that she elected to disaffirm and rescind it. The prayer of the cross-bill was, that the complainant might have a decree for the repayment of this money, and that it might be held to create a lien on the land superior to that of the mortgage sought to be foreclosed.

On final hearing, on pleadings and proof, the chancellor dismissed the cross-bill, and rendered a decree foreclosing the mortgage. From this decree Mrs. Cowles appeals, and here assigns it as error.

[Cowles *v.* Pollard.]

ELMORE & GUNTER, for the appellant.

H. C. SEMPLE, with STONE & CLOPTON, *contra.*

PETERS, C. J. — It is now well settled in this State, that where the trusts of a will are doubtful, or the personal representative may have difficulty, or be embarrassed in the execution of such trusts, a court of equity will, at his instance, take jurisdiction to construe the will, and aid and direct the administrator or executor in the performance of his duties. *Sellers* v. *Sellers,* 35 Ala. 235 ; *Trotter* v. *Blocker,* 6 Porter, 269. Such has been the proceeding in this case. And when a court of chancery once takes jurisdiction of an administration, on any ground of equitable interposition, the cause will be retained, and the administration will be conducted and finally settled in that court. *Stewart* v. *Stewart,* 31 Ala. 207 ; *Wilson* v. *Crook,* 17 Ala. 59 ; *Hunley* v. *Hunley,* 15 Ala. 91. In such a suit, the chancellor will apply the law regulating the conduct and settlement of administrations in the court of probate, but he will proceed according to the rules and practice of a court of equity. *Hall* v. *Wilson,* 14 Ala. 295 ; *Talliaferro* v. *Brown,* 11 Ala. 702. Then, the sale of the land and other property of the deceased, under an order of the chancery court, in such a proceeding, must have the same force and effect, that a like sale would have, when made under authority of an order of the court of probate. In the court of probate, such a sale will not be held void, unless the court has acted without jurisdiction, or without notice to the parties to be affected by its judgment. *Satcher* v. *Satcher's Adm'r,* 41 Ala. 26, and cases there cited.

Here, most obviously, upon the principles above settled, and now not to be departed from, the chancery court, in the conduct of the administration of the estate of Thomas M. Cowles, deceased, had properly acquired full and complete jurisdiction over the estate, and over all persons who might be, or who might become, parties interested in its disposition. The authority for the sale of the land in question was supported by a competent jurisdiction, regularly exercised, with notice to all persons interested therein. The order for the sale was regularly granted ; the sale was regularly made, regularly reported, and regularly confirmed. Such a sale, after its confirmation by the court, cannot be treated as a nullity. It remains good and valid, until it is set aside in some regular proceeding for that purpose, or until it is reversed upon appeal. 41 Ala. 26, *supra.*

The sale in this case was made and confirmed in December, 1859. This bill, to enforce the lien for the payment of the

purchase-money not paid at the sale, was filed in May, 1873 ; and to this original bill, the appellant filed her answer and cross-bill. This is above thirteen years since the sale was confirmed. It is true that the appellant was not the bidder at the sale made by the executor, Pollard, under authority of the order of the chancery court. But Williams was, and she assumed his bid, and suffered herself to be substituted as the purchaser, in the executor's report of the sale to the court ; and the sale was reported and confirmed in her name as the purchaser, without her objection ; and she received the deed for the land so purchased, and took possession of the same, with her husband's concurrence and consent, and held the same until default in the payment of the purchase-money ; and she and her husband united in the notes, and in the mortgage for the security of the unpaid purchase-money. The appellant, being a married woman, without the powers of a *sole trader*, would not have been authorized to purchase land on a credit on her own account, or to enter into any general contracts not connected with the control and disposition of her separate estate. *Cowles* v. *Marks*, 47 Ala. 612 ; *Francis* v. *Wigzell*, 1 Madd. Ch. R. p. 259 ; Adams's Eq. top p. 191, marg. 45, 46, and notes. But she might settle the terms of the purchase of land, or other property, and then go into a court of chancery, and ask the confirmation of such a sale in her favor ; " and that court, having jurisdiction of the subject-matter, and of her and of her estate, might grant such relief as her application would permit. Courts of chancery rightfully assume control over married women and their estates. 2 Story's Eq. §§ 1366, 1327, 1368, 1429 ; 2 Roper on Hus. & Wife, ch. 20, *ubique*. In a court of chancery, for the purposes of that jurisdiction, a married woman is no longer hindered by the disabilities of marriage. Generally, she is there treated as a *femme sole ;* and the court, in theory at least, becomes her guardian and trustee. Through its sanction and aid, she may do what without such aid she would be forbidden to accomplish. 2 Story's Eq. §§ 1327, 1368, 1429. And however irregularly or unwisely this jurisdiction may have been exercised, the action of the court cannot be pronounced void, so long as it is permitted to remain in force and unreversed.

The record shows that the appellant permitted herself to be made a party to the proceeding in the chancery court, so far as the sale of the land in controversy is concerned, by assuming the bid of Williams as her own, and completing the contract of sale with her husband's consent. In this, she elected, in the chancery court, to be treated as the purchaser, and complying with the order of the court for the security of the purchase-money ; and whether this security was effected by

[City Council of Montgomery v. Adams.]

the mortgage of herself and husband, or by a retention of the vendor's lien, could not alter the right of the vendor to enforce a foreclosure. In any event, the vendor, under his right of lien, would be entitled to have the land sold for the payment of the purchase-money. He could not be divested of his title as executor without this. Rev. Code, §§ 2095, 2096 ; also, *Wood* v. *Sullens*, 44 Ala. 688 ; *Napier* v. *Jones*, 47 Ala. 90 ; *Cordova* v. *Hood*, 17 Wall. 1. If the appellant made the purchase, and had it confirmed and sanctioned by an order of the chancery court, about which there seems to be no doubt as the facts are presented by the present case, she could secure the purchase-money by a mortgage, and the mortgage would be subject to be foreclosed. *Haygood* v. *Marlowe*, at present term.

This is the result of the decree of the learned chancellor in the court below, from which this appeal is taken. In this, there is no error, of which the appellant is entitled to complain, so long as the sale stands unavoided and unreversed.

The judgment of the court below is affirmed, with costs.