164 So. 748

### KLING v. GOODMAN et al.

I Div. 868.

Supreme Court of Alabama.

Dec. 19, 1935.

Harry T. Smith & Caffey and Mell A. Frazer, all of Mobile, for appellant.

Wm. B. & C. C. Inge, of Mobile, for appellees.

THOMAS, Justice.

The amended bill is by the executor seeking a construction of the will and a decree directing the distribution of a portion of the estate while the estate was being administered in the probate court. There was no order of removal of the estate from the probate court to the court of equity in which the present bill was sought to be maintained.

In Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837, 838, this court collected authorities to the effect that courts of equity will not intervene merely to give advisory opinions. In that case it was observed: "In the case first cited, Cowles v. Pollard [51 Ala. 445] a bill filed by the executor of the will of Thomas M. Cowles, deceased, to foreclose a mortgage executed to secure the payment of purchase money of a certain tract of land, which the complainant, as executor, had sold under the decree of the chancery court, made in the course of the administration of the estate, and the construction of the will arose as an incident to that proceeding. This court, in disposing of an appeal from a decree granting the relief, observed: 'It is now well settled in this State, that where the trusts of a will are doubtful, or the personal representative may have difficulty, or be embarrassed in the execution of such trusts, a court of· equity will, at his instance, take jurisdiction to construe the will, and aid and direct the administrator or executor in the performance of his duties. * * * Such has been the proceeding in this case. And when a court of chancery once takes jurisdiction of an administration, on any ground of equitable interposition, the cause will be retained, and the administration will be conducted and finally settled in that court.' Cowles v. Pollard, 51 Ala. 445, 447."

In this case the aid of a court of equity was invoked by a party in interest, not to supervise and control the administration of the trust, but merely to give an advisory opinion as to the distribution of one of the distributive shares of the estate under the will of decedent. This is contrary to the latest decision of this court on the question, in Upshaw v. Eubank et al., supra.

Any construction given the will on this appeal would be dictum, and the construction of section 10591 of the Code as applied to the facts averred may not now be given.

The decree of the circuit court is affirmed.

Affirmed.

BOULDIN, BROWN, and KNIGHT, JJ., concur.