# Carroll v Richardson.

87  605
121  675

*Bills in Equity, between Legatees and Executor.*

1. *When legatee may come into equity, against executor.*—A legatee to whom the testator bequeathed his mercantile business, with stock of goods, notes and outstanding accounts, directing that he "will assume all the liabilities of the store, and continue the business as heretofore," and also devising to him the store-house in which the business was carried on, can not maintain a bill in equity against the executor, to recover the goods, notes and accounts, until after the expiration of eighteen months from the grant of letters testamentary (Code, §§ 2134, 2192), unless the executor has reported the estate to be solvent, even though he offers to give bond for the faithful administration of the assets.

2. *Demurrer to cross-bill, when original bill is wanting in equity.*—On appeal from an interlocutory order overruling a demurrer to a cross-bill (Code, § 3612), the appellate court can not consider the sufficiency of the original bill, to which a demurrer was interposed and overruled; yet, if the original bill was wanting in equity, the overruling of a demurrer to the cross-bill is not a reversible error.

3. *When executor may come into equity.*—An executor may file a bill in equity, asking the court to construe the will, to give him instructions in the performance of his duties, and to remove the administration into that court, when it appears that the provisions of the will are of doubtful construction, and that the legatees assert conflicting claims under it.

APPEALS from the Chancery Court of Butler.

Heard before the Hon. JOHN A FOSTER.

These two cases, involving controversies between J. Monroe Carroll, a legatee and devisee under the last will and testament of John T. Perry, deceased, and J. C. Richardson, his executor, were argued and submitted together in the court below, on demurrers to each bill, and on motion to consolidate the two causes; and they were argued and submitted together in this court. Said J. T. Perry died on the 24th June, 1887, and his last will and testament was duly admitted to probate on the 28th July, 1887, on which day, also, letters testamentary were granted to J. C. Richardson as sole executor; J. M. Carroll and E. Crenshaw, who were also named as executors in the will, declining the trust. The will was dated February 10th, 1887, and contained the following

[Carroll v. Richardson.]

(with other) provisions: "*First*, my will is, that all my just debts and funeral expenses, including a monument over my grave, be paid out of my estate, as soon after my death as convenient. *Second*, after paying all my just debts and funeral expenses, as heretofore described, I give, devise and bequeath to my beloved sister, Mahala J. Rothenhoffer, all my personal property, except piano (which I give, devise and bequeath to my niece, Henrietta Dohrmeir), and my parlor set of furniture, including carpet and parlor fixtures of every kind, that is my parlor, to my niece, Bessie Dohrmeir. *Third*, I give, devise and bequeath $500 to each of my sisters, Mahala J. Rothenhoffer, Martha A. Fulmore, and Georgiana V. Carroll; which shall be paid over to them by my executors, within twelve months after my death, or sooner if practicable." Then follow devises of real estate, consisting of several store-houses and lots in Greenville, to his nephews and nieces; the first being to J. M. Carroll, of "two brick stores and lots on the corner of Commerce and Bolling streets," with these words added: "But, if he should die without issue, before the reversion or remainder shall come into his possession, then I give, devise and bequeath the same to my niece, Fanny Bell Dohrmeir, her heirs and assigns forever." The last clause of the will, after nominating the executors, added: "I hereby authorize them, or either of them, to do all things necessary to carry out the terms of this will, and to avoid, if possible, the necessity of going into any of the courts to settle up this will. It is my wish, in case of disagreement between any of the parties to this will, that the same shall be settled by arbitration, instead of going into chancery, or any other court with it."

This will, as propounded for probate, was attested by G. W. Bryan and J. M. Carroll as subscribing witnesses; and to it was annexed a certificate by A. B. Dulin as notary public, as to its acknowledgment before him by the testator, in the statutory form for the acknowledgment of a conveyance. Beneath the certificate these works were added: "*Codicil:* Additional to page 1 from second clause: Second, after paying all my just debts and funeral expenses, as heretofore described, I give, devise and bequeath to my beloved sister, Mahala J. Rothenhoffer, all my personal property, except my stock of merchandise, books, accounts, notes, mortgages, store fixtures, and everything belonging to said store now occupied by me, on corner of Commerce and Bolling streets, to my nephew, J. M. Carroll, who will assume

[Carroll v. Richardson ]

all the liabilities of the store, and continue the business as heretofore; and he would provide for the welfare of my beloved sister, Elizabeth Kelley, and my sister-in-law, Georgiana V. Carroll, as long as they live, and will accept." This codicil was dated June 20th, 1887, and was attested by G. W. Bryan and A. B. Dulin; and it was admitted to probate with the will.

According to the allegations of the bill afterwards filed by Richardson as executor, the store-house of the testator remained closed from the day of his death, June 24th, to July 28th, when Richardson was appointed as executor; and the keys of the building, and of the vault or safe in it, being then delivered to him by Carroll, he took possession, and found $1,825.86 in the vault. The goods being in a damaged condition, the executor filed a petition asking an order of sale from the Probate Court; and he proceeded to sell the goods at private sale until October 29th, 1887, when Carroll filed a bill against him, to enjoin any further sales, and to require the executor to deliver the goods up to him; insisting that they were only charged with the debts of the business, until all the other property of the estate was exhausted, and offering to give a bond of indemnity for the proper application of the goods as assets. The executor had also obtained from the Probate Court, on the 15th September, an order for the sale of the other personal property, specifying and describing everything; and on the 16th October, 1887, the day appointed for the sale, a bill in equity was filed against him and Carroll, by Mrs. Rothenhoffer and other legatees, seeking to enjoin the sale of articles bequeathed to them, on the ground that Carroll had misappropriated money and other assets, which the executor should recover and appropriate to the payment of the debts.

In the suit instituted by Carroll, the executor filed an answer, which he asked might be taken as a cross-bill, and he also demurred to Carroll's original bill. The chancellor overruled the demurrer to the original bill, and also the demurrer to the cross-bill. Carroll appealed from the decree overruling his demurrer to the cross-bill, and here assigned it as error. In the suit instituted by Richardson, he asked the court to construe the will, to instruct him in the discharge of his duties as executor, and to remove the administration of the estate into the Chancery Court. Carroll filed a demurrer to the bill, and he appealed from the decree overruling his demurrer, here assigning it as error.

[Carroll v. Richardson.]

TOMPKINS, LONDON & TROY, for appellant in each case, cited 3 Pomeroy's Equity, §§ 156-7; *Clay v. Gurley,* 62 Ala. 14; *McNeill v. McNeill,* 36 Ala. 109; *Taunton v. McInnish,* 46 Ala. 619; *Insurance Co. v. Webb,* 54 Ala. 688; *Shelton v. Carpenter,* 60 Ala. 201; *Grimball v. Patton,* 70 Ala. 626.

WATTS & SON, *contra,* cited *Trotter v. Blocker,* 6 Porter, 269; *Sellers v. Sellers,* 35 Ala. 235; *Cowles v. Pollard,* 51 Ala. 445; *Clay v. Gurley,* 62 Ala. 14; *Hollingsworth v. Hollingsworth,* 65 Ala. 321; *Wilson v. Crook,* 17 Ala. 59; *Stewart v. Stewart,* 31 Ala. 207; *Dudley v. Farris & McCurdy,* 79 Ala. 187; *Bozeman v. Gilbert,* 1 Ala. 90; 3 Porter, 231.

STONE, C. J.—These two suits refer to the estate of J. T. Perry, deceased. Mr. Perry left a will and codicil, each of which was proven and established as his last will and testament; and Richardson, one of the executors named in the will, qualified as such, and took upon himself the execution of the trust. The other two did not qualify.

The suit stated first above was instituted probably in less than six months after the probate of the will, J. M. Carroll being the complainant. The records fail to furnish the date when either bill was filed. Whether this be so or not, it is manifest that each of the bills was filed in much less than eighteen months after the probate of the will.

When a personal representative of a decedent's will or estate is appointed and qualifies, the result is, that the title to all personal effects of the estate, including *choses* in action, vests immediately in him, and that title relates back to, and takes effect from decedent's death.—1 Brick. Dig. 932, §§ 262, 264; 3 *Ib.* 463, § 130. It then becomes his duty to possess himself of all personal effects, that he may pay the debts, and perform the other functions of administration. Until the expiration of eighteen months after the appointment of a personal representative, the law does not impute to him a knowledge of the condition of the estate as to solvency or insolvency. Till then he can not be coerced to pay, or assent to a legacy.—Code of 1886, § 2192, and note. In the case of *Jackson v. Rowell,* at present term, we said: "Eighteen months are allowed after administration granted, for presenting or filing claims against decedents' estates; and a settlement can not be coerced until after the expiration of eighteen months (Code of 1886, §§ 2134,

[Carroll v. Richardson.]

2192), unless the executor or administrator becomes satisfied before that time that the estate is solvent, and so reports; in which event he may obtain an order of distribution as to the whole, or any part of the property."—Code of 1886, § 2191. See *Upchurch v. Norsworthy*, 12 Ala. 532.

There was a demurrer to Carroll's bill, which the chancellor overruled. There is no appeal from that ruling, and it neither is, nor can be assigned as error. Consequently, the sufficiency of that bill is not directly before us for review. Richardson answered Carroll's bill, and, under our statute, made his answer a cross-bill. To that cross-bill Carroll filed a demurrer, which the chancellor overruled. That ruling is assigned as error. A cross-bill is defensive in its nature and purpose; and if the original bill fails, the cross-bill, as a rule, has nothing to accomplish, and fails with it. We will not consider the sufficiency of the cross-bill, for, under the principles we have declared, Carroll's bill is without equity, and the demurrer to it ought to have been sustained. There is in this ruling no error of which appellant can complain.

There is not enough before us—indeed, facts are not sufficiently developed—to enable us to determine absolutely what course the executor ought to pursue in reference to the merchandise. It is clear that Carroll can not claim their delivery to him, either with or without security for his faithful administration of the trust. The executor should, as far as safety and the payment of the debts will permit, respect the wishes of the testator in the matter of the specific devises, bequests, and pecuniary legacies; for, next to the law of the land, the will is a law to him. The merchandise is probably perishable, and in any event would deteriorate in value, if kept on hands unreasonably. Much must be confided to the executor's discretion; while, if he acts recklessly, or in bad faith, and thereby injures the estate, he will render himself liable for the abuse. We know not how to be more definite on this subject.

Following pretty closely the foregoing suit, as we infer, came the bill of J. C. Richardson, as executor, stated second at the head of this opinion. That bill makes all the devisees and legatees under Perry's will parties defendant. The object and prayer of the bill, as amended, are two-fold: First, to obtain an interpretation of the will, and directions of the court in its administration; and, second, to have the administration removed into the Chancery Court. There

was a demurrer to this bill·by Carroll, which the chancellor overruled.

We hold that this bill, in each of its aspects, contains equity. The will itself, including the codicil, presents several questions of disputable solution, on which different legal minds might well differ. And it is shown that Mrs. Rothenhoffer and Carroll differ in the interpretation of the will, in the assertion of the interests they severally claim thereunder. And the question may arise, whether the codicil does not create a precatory trust, in favor of Mrs. Kelley and Mrs. Carroll; and on the other hand, whether the language is not too uncertain to authorize relief.—*Jones v. McPhillips*, 82 Ala. 102; 3 Pom. Eq. §§ 1156–7; *McRee v. McRee*, 34 Ala. 349; *Hollingsworth v. Hollingsworth*, 65 Ala. 321; *Cowles v. Pollard*, 51 Ala. 445. It is not our intention to express or intimate any opinion as to the proper interpretation of any clause of the will. The question of rightful interpretation, or rightful directions, is not before us. The chancellor has declared no interpretation, and has given no directions. He has simply decided that the bill makes a case calling for interpretation and direction, and from that decretal order the present appeal is prosecuted. There is no error in his rulings.

Affirmed.