# Tompkins *v.* Troy, Executor, &c.

*Bill in Equity to remove Administration into Chancery
Court and for Construction of Will.*

1. *Construction of will; how dower interest of widow estimated.*
   In his will, a testator provided for his wife as follows:
   "My wife [has] an estate of her own, the same being money
   received by me belonging to her, amounting to three thou-
   sand and fifty dollars; if that should not be paid before my
   death, I desire it paid immediately thereafter; she will also
   be entitled to certain moneys from certain insurance policies
   on my life.   I desire my executors, as soon as practicable
   after my death, to turn over to her out of any moneys be-
   longing to my estate from insurance on my life, or other
   sources, so much as may be necessary to make the amount
   she shall receive, including such separate estate, and the
   amounts received by her from insurance on my life, equal
   to what would have been her dower interest and distributive
   share in my estate, if she should have no separate estate,
   and should receive no insurance money. It is my will that
   she should receive out of [my] estate, just what she would be
   entitled to under the provisions of sections 2354 and 2355
   of the Code of Alabama of 1886." *Held*: That by such pro-
   visions the testator did not fix the value of the separate es-
   tate of his wife at $3,050, or at any other sum, but that in
   determining the widow's dower interest and distributive
   share in the testator's estate, the value of her separate es-
   tate must be estimated at its actual value at the time of the
   testator's death,   including also the insurance   money   re-
   ceived by her.

APPEAL from the City Court of Montgomery, in
Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellee, Alex.
Troy, as the executor of the last will and testament of
H. C. Tompkins, deceased.   The purpose of the bill was
to have the administration of the estate removed from
the probate court into the chancery side of the city
court, and to have the will of said H. C. Tompkins con-
strued.   On the appeal in the present case, the con-

struction of only the second item of the will is involved. Annie B. Tompkins, the wife of the testator and the other children and legatees of said H. C. Tompkins were made parties defendant to the bill.

It was averred in the bill that the value of the separate estate of Annie B. Tompkins at the time of the death of the testator was $8,000, and it was further averred in the bill that certain moneys arising from policies of insurance upon the life of the testator had been paid to Annie B. Tompkins. The second item of the will, the construction of which is involved in the prevent appeal, is copied in the opinion.

In her answer the respondent, Annie B. Tompkins, denied that the value of her separate estate was $8,000, and she insisted "that the value of her separate estate is fixed by the will of said testator, for all purposes connected therewith, at three thousand and fifty dollars, and that she is to be charged with that amount only as the value of her separate estate in estimating the amount to which she may be entitled on final distribution and settlement of the estate of said testator."

On the submission of the cause, the chancellor rendered a decree in which he adjudged, among other things, as follows: "That the respondent, Annie B. Tompkins, is entitled to receive under item second of said will just what she would be entitled to receive if H. C. Tompkins had died intestate, and sections 2354 and 2355 of the Code of Alabama of 1886 were the sole guide to his intention in making provision for her, and that, in consequence, the value of her separate estate is not fixed at the sum of $3,050 or other sum, but must be estimated in executing the will at its actual value at the time of testator's death, including the said sum of $3,050 or so much as she may have had at the time of testator's death and insurance received by her."

From this decree Annie B. Tompkins, the wife of the testator, appeals, and assigns the rendition thereof as error.

FRED S. BALL and J. M. CHILTON, for appellant, cited Code, §§ 1462, 1504, 1507; *Gordon v. Tweedy*, 74 Ala. 232; *Levins v. Butler*, 8 Port. 388; *Pace v. Bonner*, 27

Ala. 309; *Walker v. Walker,* 17 Ala. 396; *Carter v. Balfour,* 19 Ala. 814; *Miller v. Flournoy,* 26 Ala. 724; *Hemphill v. Moody,* 62 Ala. 510; *Griffin v. Pringle,* 56 Ala. 490; *Vandiver v. Vandiver,* 115 Ala. 328.

WATTS, TROY & CAFFEY, *contra,* cited Code of 1896, §§ 1506, 1507; *Dubose v. State,* 38 Ala. 238; *Hollingsworth v. Hollingsworth,* 65 Ala. 321; *Hammel v. Moody,* 62 Ala. 510; *Griffin v. Pringle,* 56 Ala. 486; *Williams v. Williams,* 68 Ala. 405; *Wadsworth v. Miller,* 103 Ala. 130; *Wiggins v. Wadsworth,* 72 Ala. 240; *Billingslea v. Glenn,* 45 Ala. 540; *Barnes v. Carson,* 59 Ala. 188.

HARALSON, J.—No question is raised in the case as to any matter to settle which the bill was filed, except one. The defendant, Annie B. Tompkins, the widow of the testator, Henry C. Tompkins, alone appears and assigns error. Her counsel states: "There is but one question in this case, and that is whether the testator in his will, fixed the value of the separate estate of appellant at $3,050. If not, then we concede that it [her separate estate] must be taken at its actual value at the time of the death of the testator. The bill alleges that the said separate estate was worth $8,000, and the construction of the will on this point involves the difference between the two amounts named. We contend, that the plain intention of the testator was, to fix the value of the widow's separate estate at $3,050, for the purpose of determining her interest in the estate." It is not disputed that the amounts received by the defendant on policies on testator's life for her benefit, and which were paid to her soon after his death, are to be estimated in determining her interest.

The second clause of the will is: "My wife [has] an estate of her own, the same being money received by me belonging to her, amounting to three thousand and fifty dollars; if that should not be paid before my death, I desire it paid immediately thereafter; she will also be entitled to certain moneys from certain insurance policies on my life. I desire my executors, as soon as practicable after my death, to turn over to her out of any moneys belonging to my estate from insurance on my

life, or other sources, so much as may be necessary to make the amount she shall receive, including such separate estate, and the amounts received by her from insurance on my life, equal to what would have been her dower interest and distributive share in my estate, if she should have no separate estate, and should receive no insurance money.

"*It is my will that she should receive of [my] estate, just what she would be entitled to under the provisions of sections 2354 and 2355 of the Code of Alabama of 1886.*" These sections were carried into the Code of 1896 as sections 1506 and 1507.

It must be admitted, that if the testator had stopped in this item of his will, short of the last clause therein,—which for convenient reference we italicize,—and had not included that clause therein, as the last expression of his wish in reference to the matter in hand, there would be reason for holding that he desired to fix the amount of the separate estate held by his wife, at $3,050, which sum should be taken,—including the amount paid to her on the policies on his life,—as her separate estate for the purpose of determining her interest on distribution in his estate. He says: "My wife has an estate of her own, the *same* being," etc. Again he directs his executors to pay over to her "any moneys belonging to my estate from insurance on my life or other sources, so much as may be necessary to make the amount she shall receive, including such separate estate and the amounts" received from insurances, "equal to what would have been her dower interest and distributive share in my estate, if she should have no separate estate and should receive no insurance money." But, taken in connection with the last clause, it would seem, that the testator intended it to be understood, without reference to any other separate estate his wife might own at his death, that the separate estate he mentions, and the insurance moneys he refers to, should enter into the estimate in determining her dower interest and distributive share in his estate; but if he intended that no other separate estate she might own at his death, except this, should enter into this estimate, he would have said no more than was said in said first clause, and

there would have been no necessity for adding said last clause. When he added it, however, he intended to make it the expression of his last wish on the subject, and made the sections of the Code referred to, the sole guide as to his intention in making provision for his wife, and that any and all separate estate she might own at his death, including said insurances, should be taken account of. The chancellor so held, and further, that the value of his wife's separate estate was not fixed by him at $3,050, nor at any other sum, but that the value thereof, of whatever it may be, must be estimated in executing the will, at its actual value at the time of testator's death, including, also, the insurance money received by her. This decree we approve as being in accord with testator's intention.—*Billingslea v. Glenn*, 45 Ala. 540.

Affirmed.