# Spiers, *et al. v.* Zeigler, *et al.*

*Bill to Remove Administration and Construe a Will.*

(Decided February 17, 1912. 57 South. 699.)

*Wills; Construction; Administration.*—Where the bill was to remove an administration from the probate to the chancery court, and to construe a will, and the bill contained a copy of the will and pointed out various matters in the will with reference to which doubt and uncertainty has arisen and sought the aid of equity to construe the will, and to direct the executors in the premises, the bill was not demurrable for want of equity.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by T. J. Zeigler and another, as executors of the last .will and testament of Nancy Zeigler, against Julia E. Spiers and others, to remove the administration of the estate from the probate to the chancery court, and to constrne a will. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill alleges that Nancy Zeigler died possessed of a large tract of real estate consisting of about 800 acres of land and certain personal property; that by her last will and testament she attempted to make disposition of said estate in lands and personalty, but that, after executing all the directions of the will that was possible of execution, complainants had a survey made of the real estate and the same platted, with purpose of defining the boundaries between the tracts of land devised to the devisees mentioned in said will and testament, and when the same was surveyed and platted it was ascertained that it was impossible to carry into execution certain devises set forth therein, since by the description in the will several devises overlapped and certain devises bequeathed land parts of which did not belong to said Nancy Zeigler. The bill then proceeds to set forth the devises, and to show wherein they overlapped, and wherein they convey land not the property of the testator. The will is attached to the bill, and shows 11 devises of land to as many different devisees.

The demurrers to the bill are: That there is no equity in the bill. That the bill shows on its face that it was filed by the executors, and there was no provision in the will directing or instructing them, as such executors, to take charge or control of the real estate, alleged to be in possession of such respondents, or either of them. There is no authority in the will or provision of law which authorizes the executor to file any bill or obtain any decree from any court of equity affecting

the right of possession or ownership of respondents, or either of them, to the lands which respondents, or either of them, are in possession of or claimed to own. The will shows on its face that there is no ambiguity which requires a construction of its intent by a court of equity.

GOODWYN & MCINTYRE, for appellant. The reading of the will discloses no ambiguity but is plain and unmistakable, and the court erred in overruling demurrers thereto.—Section 2621, Code 1907, and authorities cited. The judge of the 15th judicial circuit was without power to hear and determine this equity cause.— Sec. 3288, Code 1907.

FRANK W. LULL, and COLEMAN, DENT & WEIL, for appellee. Whenever the power of the court of probate is inadequate to grant full relief to the parties interested in an estate, resort may be had to the court of chancery.—*Sellers v. Sellers,* 35 Ala. 235; *Hooper v. Smith,* 57 Ala. 560; *Glenn's Admr. v. Billingslea,* 64 Ala. 351; *Lake View Mining & Mfg. Co. v. Hannon,* 93 Ala. 89. It is sufficient equity for the removal of an administration of an estate from the probate into the chancery court that the affairs of the estate are so greatly involved that it cannot be administered properly without the aid of a court of equity.—*Stovall v. Clay,* 108 Ala. 195; *Carey v. Simmons,* 87 Ala. 525; *Harlan v. Person,* 93 Ala. 273.

McCLELLAN, J.—The sole assignment of error is that the court erred in overruling the demurrers of Julia E. and Nancy J. Spiers. The only objections, in substance, taken by these demurrers, go to the equity of the bill, which is filed by the executors of the last will and testament of Nancy Zeigler, deceased.

[Ashurst, et al. v. Ashurst.]

With the bill, the will, in copy, is exhibited. After most ample averments pointing out the bases of doubt and uncertainty in the provisions of the will with respect to property devised or undertaken to be devised thereby, the bill seeks the aid of equity to construe the instrument and to direct the executors in the premises. Upon the authority of *Ashurst v. Ashurst, Infra,* 57 South. 442, delivered at this term—which ruling was rested upon *Trotter v. Blocker,* 6 Port. 269; *Lakeview Co. v. Hannon,* 93 Ala. 88, 9 South. 539; *Tompkins v. Troy,* 130 Ala. 555, 30 South. 512; *Carroll v. Richardson,* 87 Ala. 605, 6 South. 342, and authorities in each cited—it must be ruled that the bill in hand possesses equity, for the removal of the administration from the probate court, and for the construction of the bill of Nancy Zeigler, deceased. It is not necessary to rehearse the evidence of complication and uncertainty which appears upon the face of the will, and to which the bill particularly refers.

The decree is affirmed.

Affirmed. All the Justices concur.