138 So. 537

### REID et al. v. ARMISTEAD et al.

#### I Div. 704.

Supreme Court of Alabama.
Dec. 17, 1931.

A. S. Johnson, of Thomasville, for appellants.

Roy W. Kimbrough, of Thomasville, and Adams & Gillmore, of Grove Hill, for appellees.

BROWN, J.

The bill in this case is one by the appellees, Emma, Eugenia, and Willie Armistead, devisees under the will of James W. Armistead, deceased, against the other devisees, seeking a construction of the will by the circuit court, sitting in equity, and to declare the restriction against the alienation of the property unreasonable and void, that the property be sold for division among all the devisees, and that the interest of the children of the deceased daughter, May Armistead Reid, be reinvested and the income therefrom be paid to the complainants during their lives, for the allowance of solicitor's fee, etc.

The respondents, the children of May, demurred to the bill in its different aspects, on the ground that it is without equity, and specially to so much of the bill as seeks to have a solicitor's fee for complainants charged against the entire estate, on numerous and sundry grounds.

The demurrers were overruled by the circuit court, and from that decree the appeal is prosecuted.

In Kaplan v. Coleman et al., 180 Ala. 267, 60 So. 885, 886, it was held that the jurisdiction of courts of equity in this state, "to entertain bills for the construction of wills does not, as in most states, depend upon the theory of the equitable control and administration of trusts, and a suit for testamentary construction need not exhibit any necessity, nor any prayer, for any other equitable relief. Whenever the provisions of a will are of doubtful construction or of disputable solution, as to which rational minds may well differ, the jurisdiction arises."

■ The provisions of the will and its codicil exhibited to the bill in this case, which appear in the reporter's statement of the case, are such as that the complainants were, under the rule above stated, entitled to invoke the jurisdiction of the circuit court to interpret the will and determine the status of the title and rights of the parties thereto, and the averments of the bill give it equity.

■ Whether or not the complainants are entitled to have their solicitors paid out of the corpus of the estate depends upon the nature of their right and title, and whether or not they are entitled to invoke a sale for division, and hence this question must await the interpretation of the will.

As was observed in Carroll v. Richardson, 87 Ala. 605, 6 So. 342, 343, an appeal from decree on demurrer, "The question of rightful interpretation or rightful directions is not before us. The chancellor has declared no interpretation, and has given no directions. He has simply decided that the bill makes a case calling for interpretation and direction, and from that decretal order the present appeal is prosecuted. There is no error in his rulings."

And in Ashurst et al. v. Ashurst, 175 Ala. 667, 670, 57 So. 442, 443, it was observed: "It is earnestly insisted on this appeal by both appellants and appellee that we should so far construe the will in question as to determine whether certain clauses therein are valid or void. We cannot accede to the correctness of this proposition. Our jurisdiction in this instance is appellate only, for the purpose of reviewing the correctness of the interlocutory decree of the chancellor from which the appeal is taken. The chancellor has not yet passed upon the merits of the case; nor can we act on this appeal further than to affirm or overrule the decree rendered by him. If we affirm the decree of the chancellor overruling the demurrer, then the case will proceed on its merits and the chancellor will have to construe the will; and on an appeal from a decree construing the will, or settling the rights of the parties thereunder, we could review such decree, and, if necessary, construe the will. But we cannot construe the will on this [special] appeal, and any attempt to do so would not be binding on us nor the parties. The demurrers to the amended bill, at most, merely tested the sufficiency of the averments of the bill as amended. The chancellor decreed only that the demurrer was not well taken, and that it was overruled. We fully concur with the chancellor, and must therefore affirm his decree."

To the same effect is Powell et al. v. Labry et al., 207 Ala. 117, 92 So. 266.

■ Sometimes it is necessary to the proper interpretation of a will for the court to know the circumstances and conditions surrounding the testator, the condition of his estate, and the condition and circumstances of the objects of his bounty. It is not enough that facts are merely alleged, they must be proved. Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458.

The judgment here is, that the demurrers to the bill were overruled without error, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.