## UPSHAW v. EUBANK et al.

### 4 Div. 744.

Supreme Court of Alabama.

Dec. 21, 1933.

Chauncey Sparks, of Eufaula, for appellant.

BROWN, Justice (after stating the facts).

In Kaplan v. Coleman et al., 180 Ala. 267, 60 So. 885, 886, a bill "filed by the sole heir at law of the testator to contest and annul the will of the latter, in accordance with the provisions of section 6207 of the Code" of 1907, it was observed, that "in this state the jurisdiction of chancery courts to entertain bills for the construction of wills does not, as in most states, depend upon the theory of the equitable control and administration of trusts, and a suit for testamentary construction need not exhibit any necessity, nor any prayer, for any other equitable relief. Whenever the provisions of a will are of doubtful construction or of disputable solution, as to which rational minds may well differ, the jurisdiction arises. Cowles v. Pollard, 51 Ala. 445; Carroll v. Richardson, 87 Ala. 605, 6 So. 342. It is not necessary that a dispute shall have actually arisen; it is enough that it may arise, or that mistakes may occur, by reason of doubtful terms." It now appears that this was mere dictum, and is not supported by the cases cited, nor by the great weight of authority.

In the case first cited, Cowles v. Pollard, a bill filed by the executor of the will of Thomas M. Cowles, deceased, to foreclose a mortgage executed to secure the payment of purchase money of a certain tract of land, which the complainant, as executor, had sold under the decree of the chancery court, made in the course of the administration of the estate, and the construction of the will arose as an incident to that proceeding. This court, in disposing of an appeal from a decree granting the relief, observed: "It is now well settled in this State, that where the trusts of a will are doubtful, or the personal representative may have difficulty, or be embarrassed in the execution of such trusts, a court of equity will, *at his instance*, take jurisdiction to construe the will, and aid and direct the administrator or executor in the performance of his duties. * * * Such has been the proceeding in this case. And when a court of chancery once takes jurisdiction of an administration, on any ground of equitable interposition, the cause will be retained, and the administration will be conducted and finally settled in that court." Cowles v. Pollard, 51 Ala. 445, 447.

In Carroll v. Richardson, 87 Ala. 605, 6 So. 342, the bill was filed by the executor to remove the administration of the estate from the probate court into the chancery court, and the executor "asked the court to construe the will" and "to instruct him in the discharge of his duties."

In Reid et al. v. Armistead et al., 224 Ala. 43, 138 So. 537, the bill was filed by two of the devisees of the will of their deceased ancestor against the other devisees, "seeking a construction of the will by the circuit court, sitting in equity, and to declare the restriction [on the will] against the alienation of the property unreasonable and void", and for a sale of the property for distribution among all the devisees. In the opinion of this court upholding the equity of the bill on appeal from a decree on demurrer, the excerpt from the opinion of the court in Kaplan v. Coleman, 180 Ala. 267, 60 So. 885, was in part quoted with approval.

The bill in Schowalter et al. v. Schowalter, 217 Ala. 418, 116 So. 116, 117, was filed by the executrix seeking "a judicial construction of the will as necessary to enable her to perform her duties as executrix" in the administration of the trust.

In Hinson v. Naugher et al., 207 Ala. 592, 93 So. 560, the administration of the estate had been removed into the circuit court in equity before the petition was filed for a construction of the will, and, in consequence of such removal, the court had complete jurisdiction to administer the trust. Same case, second appeal, 211 Ala. 278, 100 So. 221.

In Gunter v. Townsend et al., 202 Ala. 160, 79 So. 644, and Nabors et al. v. Woolsey, 174 Ala. 289, 56 So. 533, the bills were filed by the parties having interests in the property to remove clouds from the titles.

In Woodroof et al. v. Hundley, 147 Ala. 287, 39 So. 907, though this does not appear on the face of the report, the bill was by Hundley as executor of the will to remove the administration of the estate from the probate

court into the court of chancery, and for instructions, in view of the uncertainty of the provisions of the will, in the further administration of the estate. S. C. Record, vol. 1227, November term, 1904. This was the purpose of the bills in Ashurst et al. v. Ashurst, 175 Ala. 667, 57 So. 442, and Tompkins v. Troy, Executor, etc., 130 Ala. 555, 30 So. 512.

The bill in National Jewish Hospital for Consumptives v. Coleman, 191 Ala. 150, 67 So. 699, was filed by the executors of the will for the removal of the administration of the estate from the probate court into the chancery court, to construe the will and determine "what persons or institutions are the beneficiaries of said will; from what source complainants were authorized to pay the annuities and bequests provided therein, and to determine whether or not the legacies [bequests] were or were not invalid." S. C. Record, vol. 2373, October term, 1914, 1915.

By the great preponderance of authority, the power of courts of equity to construe wills is incidental to their jurisdiction to declare and enforce trusts, or the protection of property rights in property the subject of trusts, and the jurisdiction must be invoked by a party or parties interested in the property or the administration of the trust. Cowles v. Pollard, 51 Ala. 445; Trotter, Adm'r, v. Blocker et ux. et al., 6 Port. 269; Gunter v. Townsend et al., 202 Ala. 160, 79 So. 644; 21 C. J. page 117, § 93; Bowers et ux. v. Smith et al., 10 Paige (N. Y.) 193; Security Co. v. Pratt, 65 Conn. 161, 32 A. 396; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; King v. King, 215 Ill. 100, 74 N. E. 89; Moseley v. Bolster, 201 Mass. 135, 87 N. E. 606; Wager v. Wager, 89 N. Y. 161; Donovan v. Mahoney, 45 App. D. C. 480; Bailey v. Briggs, 56 N. Y. 407; Miller v. Drane, 100 Wis. 1, 75 N. W. 413.

In Ashurst et al. v. Ashurst, 175 Ala. 667, 671, 57 So. 442, 443, heretofore referred to, it was observed: "The only decree so far rendered was one which, in effect, held that the bill filed was sufficient to confer jurisdiction to remove the settlement and proceedings from the probate to the chancery court. Until the proceedings are so removed, or, at least, are by a proper decree or order authorized to be removed, *the chancellor has no authority to construe the will* nor to authorize any proceedings in the administration of the estate." (Italics supplied.)

The decisions of this court in the cases heretofore referred to—and they are the leading cases in this state on that subject—do not sustain the proposition that courts of equity will intervene to give advisory opinions or render advisory decrees, in respect to the rights of parties in trusts, or the interpretation of the instruments creating such trusts, when the jurisdiction of the court is in no way invoked to supervise and control the administration of the trust, even at the instance of the parties having a pecuniary interest in the trust property, and one who has no such interest certainly cannot invoke such jurisdiction.

The statute, section 5686, Code of 1923, provides that "*infants* not having guardians *must sue* by next friend, and must be defended by a guardian of the appointment of the court." (Italics supplied.)

And section 6519, Code of 1923, provides: "Persons of unsound mind may sue by next friend, and guardians may be substituted; and upon restoration to sanity, the suit may proceed in their own names."

It has been uniformly ruled that these statutes authorize institution of suits *by the minor or person of unsound mind in their own names by next friend,* and not by a person who sues "for and on behalf of such minor." Savage et al. v. Smith, 132 Ala. 64, 31 So. 374; Howland v. Wallace, 81 Ala. 238, 2 So. 96; Wyrosdick v. Age-Herald Pub. Co., 217 Ala. 657, 117 So. 28; Bell v. Burkhalter et al., 183 Ala. 527, 62 So. 786; Smith v. Yearwood et al., 197 Ala. 680, 73 So. 384; City of Albany v. Wilson, 216 Ala. 174, 112 So. 435; West v. West, 90 Ala. 458, 7 So. 830; Kelen v. Brewer et al., 221 Ala. 445, 129 So. 23; Wallace v. Montgomery, Superintendent of Banks, et al., 226 Ala. 25, 145 So. 419; H. H. Montgomery, Supt. of Banks, etc., v. Duffey, as Guardian, 226 Ala. 26, 145 So. 420.

In the case last cited, it was said: "The suit was by a bill in equity and in the name of the guardian rather than in the name of the ward by the guardian. For this reason the circuit court was without jurisdiction to bind the ward." And in Wallace v. Montgomery, Superintendent of Banks, et al., supra, "The court long since committed itself to the proposition that suits, in equity, must be brought in the name of the idiot or lunatic, stating that he sues by his guardian, as in the case of an infant suing by his next friend. As was said in the case of West v. West, 90 Ala. 458, 7 So. 830: 'The necessity of making the lunatic a party rests on the principle that a decree in favor of his guardian, merely describing himself as such, would not be a decree in favor of the lunatic; and, if the suit proved unsuccessful, would not protect the defendant from subsequent litigation by the lunatic, should he be restored to soundness of mind, and to possession and control of his property.'" The same principle is applicable to minors, not made parties.

It clearly appears from the averments of the supplemental bill that it is without equity. The complainant has no pecuniary interest in the subject-matter—the trust property; and the bill does not seek to bring the trust or any part of the property subject thereto within the jurisdiction and control of the court. It merely seeks an advisory decree or opinion in respect to the respective interests of the parties, and the minor, Wileyna

L. Upshaw, who, if the averments of the bill are true, has an interest in the property, is not a party to the proceeding. Nor is the supplemental bill in this respect in any way aided by the original bill, as it is subject to the same fundamental defects.

We are therefore of opinion that the court was without jurisdiction to render the decree from which the appeal is prosecuted, and that it must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.