11 So.2d 351
### HAWKINS et al. v. TANNER.
6 Div. 956.

Supreme Court of Alabama.
Dec. 17, 1942.

Rehearing Denied Jan. 28, 1943.

Harsh, Harsh & Hare, of Birmingham, for appellants.

Wm. S. Pritchard and Victor H. Smith, both of Birmingham, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court of Jefferson County, Alabama, in Equity, overruling demurrers to the bill of complaint as amended of Aline Cole Tanner. Complainant in the court below, appellee here, is a daughter of Margaret Julia Cole who died testate in Jefferson County on or about October 9, 1932, and a granddaughter of Tolbert F. Cheek who died testate in Jefferson County on or about January 2, 1920. The subject matter of the suit is two lots or parcels of land located in Birmingham, Alabama, and described as follows:

"W½ of lot 5, Block 86, according to the original survey of the City of Birmingham, as made by the Elyton Land Company, and also

"S½ of lot 7, Block 660, according to the original survey of the City of Birmingham as made by the Elyton Land Company, said lot fronting 90 feet on the North side of 12th Avenue, North, and running back northwardly of uniform width 120 feet."

Respondents in the court below, appellants here, are the devisees, or descendants or transferees of the devisees under the will of Tolbert F. Cheek, deceased, and the surviving trustees under a certain instrument of trust dated January 31, 1921, and the trustees under the will of Margaret Julia Cole, deceased.

The bill prays for a construction of the will of Tolbert F. Cheek, deceased, as the same relates to the lands, which are the subject matter of this suit, fixing the right, title and interest of each of the devisees therein named as of the date of the death of said decedent, and as of the date of the execution of the instrument of trust dated January 31, 1921, and as of the date of the death of decedent's wife, Mary J. Cheek, who is alleged to have died during the year 1927; a determination of the validity and legal effect of the instrument of trust dated January 31, 1921, and, in the event the court determines said instrument to be valid and legal, determine and fix the rights and interest of each of the beneficiaries therein named in and to the property which is the subject matter of this suit, under the terms and provisions of said trust instrument: determine and fix the rights and interests of the present surviving trustees in and to such lands, if any they have; and that the court conclude the administration of said trust, cause the lands to be sold and the proceeds distributed among complainant and respondents entitled thereto as beneficiaries of said trust estate. The bill further prays that in the event the court determines that the present owners of the lands, the subject matter of this suit, are joint owners and tenants in common

thereof, then in that event fix and determine the interest of each in and to said lands, and equitably divide the same in kind, or in the event they cannot be so divided they be sold for division among the joint owners and tenants in common; and for general relief. The will of Tolbert F. Cheek, the will of Margaret Julia Cole and the deed of trust dated January 31, 1921, are áttached to and made a part of the bill.

Demurrers were interposed to the bill as a whole and to each and every aspect thereof, separately and severally, and with precision, that is to say, by addressing certain designated grounds of demurrer to that aspect of the bill by which complainant seeks a construction of the will of Tolbert F. Cheek, deceased: That aspect of the bill by which complainant seeks to ascertain the validity and legal effect of the deed of trust dated January 31, 1921, and to fix and determine the rights, title and interests of the parties under said deed, and the enforcement of the trust; that aspect of the bill by which complainant seeks a division in kind or a sale of the lands for division; that aspect of the bill by which complainant seeks attorneys' fees. The demurrers were sustained generally.

The appellee filed an amendment to the bill, the introductory recitals of which are as follows:

"Comes now the complainant, and, by leave of court first had and obtained, amends her complaint as follows:

"By adding thereto the following additional paragraph to be known as paragraph number 4½, and to be inserted in the bill immediately preceding the end of paragraph 4 as originally filed, and immediately preceding paragraph 5 as originally filed, said additional paragraph being in words and figures as follows:"

To the bill as amended respondents refiled the demurrer previously filed, and added thereto additional grounds. Demurrers were overruled generally, hence this appeal.

■ Appellants insist that the amendment, paragraph 4½, touches only that aspect of the bill charging the trustees named in the trust instrument of January 31, 1921, with a failure to perform their duties as such trustee, or an improper performance thereof, and, as a consequence, other aspects of the bill, to which demurrers had been sustained, are not aided by the amendment, and should be regarded as having been stricken.

The argument overlooks the proper consideration of the structure of the bill as amended. An amended bill or an amendment to a bill is considered as a part of the original pleading and as constituting with it one record. It is only a continuation of the original bill. The real record is the original bill with the amendment, and the two amalgamated constitute the case of complainant. In other words, the court no longer looks into the original bill to ascertain the character of the relief sought, but to the new record, made up of the original and the amended bill, and deals exclusively with that. American Freehold Land Mortgage Co. v. Sewell, 92 Ala. 163, 9 So. 143, 13 L.R.A. 299; 19 Amer.Jur. 340, page 238. Amending the bill properly means no more than adding to or changing it within its original structure. Middlebrooks v. Moore-Handley, Hardware Co., 209 Ala. 526, 96 So. 410.

The amendment here considered is not specifically directed to any one aspect of the bill, but to the bill as a whole, although the averments contained therein may aid only one aspect of the bill. Moreover, it was so considered by the trial court, and by appellants, as evidenced by their action in refiling the demurrers to the bill as amended as a whole, and to each and every aspect thereof, separately and severally, and with precision.

The main purpose of complainant's suit is a determination of her right, title and interest in and to the two lots mentioned, and a separation of her interest from the interest of others. This result is sought through two channels, first, a determination of the validity of the trust deed, and if found to be valid its interpretation and the enforcement of its provisions: second, if the trust deed is found to be invalid, a division in kind or a sale for division among joint owners or tenants in common. Other so-called aspects are but matters touching the results sought.

As already stated, Tolbert F. Cheek died testate on or about January 2, 1920. In his will, which is attached to and made a part of the bill as amended, he devised to his wife, Mary J. Cheek a life estate in the lots here involved. Other provisions of his will, here pertinent, are as follows:

"Seventh: I give and bequeath to all my children, Frances Ella Hawkins, Margaret Julia Cole, Amos B. Cheek, Pendleton E. Cheek, Mariana Hawkins, deceased, (her part to be divided equally between her two boys, Hawthorn and Williamson) Lou Alma Hobson, Simmons L. Cheek, Willie Virginia Jefferson, all the residue of my property of whatever kind and description, real, personal and mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease (which includes the lots here involved), and it shall be divided equally among all my children, share and share alike, to be determined by all of them; but if they cannot agree, then they may call in three disinterested men who are judges of value, to assist them in making a fair division. I would suggest G. R. Harsh and W. B. Leedy, and they select the third. * * *

"Tenth: I will that if any of my children die without living children, then all property acquired by them from my estate shall revert back to my estate from such as have no living issue, and be divided as heretofore directed in this will."

Margaret Julia Cole, a daughter of Tolbert F. Cheek, and one of the devisees named in item seven of his will, died testate on or about October 9, 1932. The here pertinent provisions of her will are as follows: "It is my will that all the rest and residue of my property of whatsoever kind and description (including the lots here involved) go to my three children, Aline Cole Tanner, Charles Thurman Cole and Willie Cole Tarwater, share and share alike, or if any one or more of said children shall have passed at the time of the qualifications of my executors, then that the third of the rest and residue of my estate which would have gone to said deceased child or children shall go to and be owned by the lineal descendants of said deceased child or children of mine, said descendants taking and holding per stirpes."

In the case of Upshaw v. Eubank, 227 Ala. 653, 655, 151 So. 837, 839, it was held, speaking through Mr. Justice Brown: "By the great preponderance of authority, the power of courts of equity to construe wills is incidental to their jurisdiction to declare and enforce trusts, or the protection of property rights in property the subject of trusts, and the jurisdiction must be invoked by a party or parties interested in the property or the administration of the trust."

When, as here, the court has jurisdiction of the subject matter, and the provisions of the will are of doubtful construction or of disputable solution, as to which rational minds may differ, the right to construction arises.

The provisions of the will of Tolbert F. Cheek are such that the complainant was, under the rule above stated, entitled to a construction or interpretation thereof, and a determination as to the status of the title and rights of the parties in and to the lands involved, as the same are affected by the will. Reid et al. v. Armistead et al., 224 Ala. 43, 138 So. 537; Upshaw v. Eubank, supra.

And, as observed in Carroll v. Richardson, 87 Ala. 605, 6 So. 342, 343, an appeal from decree on demurrer: "The question of rightful interpretation or rightful direction is not before us. The chancellor has declared no interpretation, and has given no directions. He has simply decided that the bill makes a case calling for interpretation and direction, and from that decretal order the present appeal is prosecuted. There is no error in his ruling."

No prejudicial error intervened in the court's action in overruling demurrers addressed to that part of the bill, whether the same be considered as a separate aspect or merely incidental.

We consider next that aspect of the bill seeking a construction or interpretation of the trust deed bearing date of January 31, 1921, and the enforcement of the provisions thereof. The here pertinent parts of the deed are as follows:

"State of Alabama }
"Jefferson County. }

"Whereas, Tolbert F. Cheek died leaving a last will and testament in which the undersigned, Mary J. Cheek, was named as executrix; and

"Whereas, the said will devised and bequeathed certain property to the said Mary J. Cheek during her life time or widowhood, and certain property to his children and grandchildren named in said will, all of whom, together with the husbands and wives of such are married, are parties to this instrument, and

"Whereas, all the parties hereto are desirous of conveying all the property de-

vised and bequeathed by the said Tolbert F. Cheek, except the life interest such as was devised or bequeathed to the said Mary J. Cheek, to the hereinafter named trustees for the purposes and to the uses and trusts hereinafter named;

"Now, therefore, in consideration of the premises, and of $1.00 in hand paid by the said trustees to each of the undersigned, the receipt of which is hereby acknowledged, we, the said Mary J. Cheek, a widow, and Mary J. Cheek as executor of the last will and testament of Tolbert F. Cheek, deceased, and Frances Ella Hawkins, a widow, Margaret Julia Cole, a widow, Amos B. Cheek and his wife, Mary N. Cheek, Pendleton E. Cheek, and his wife, Mary E. Cheek, N. Hawthorne Hawkins and his wife, Fannie Hawkins, and A. Williamson Hawkins and his wife Henrietta Hawkins, which said Hawthorne and Williamson Hawkins are the only children of the said Marianna Hawkins, deceased, Lou Alma Hobson and her husband, Wm. A. Hobson, Simmons L. Cheek and his wife, Annie E. Cheek and Willie Virginia Jefferson and her husband, H. H. K. Jefferson, do by these presents bargain, sell and convey unto Frances Ella Hawkins, Margaret J. Cole, Amos B. Cheek, Pendleton E. Cheek, N. Hawthorne Hawkins, Lou Alma Hobson, Simmons L. Cheek and Willie Virginia Jefferson as trustees, all of the property, real, personal and mixed, whether same be in praesenti or in remainder or reversion or by whatever right, title, interest, or claim same may be held or may have been bequeathed in·or by said will: Provided there is not herein conveyed or attempted to be conveyed, the life estate in certain property bequeathed to the said Mary J. Cheek in and by said will.

"To have and to hold unto the said trustees, or such of them as may survive, and to their successors duly appointed under the terms of this deed and their assigns forever, for the following uses and trusts, and with the following authority, and power:

"First. Said trustees and their successors herein provided for shall take possession of, control and manage all of said property, including the keeping of same in such repair as to their judgments may seem best; paying the taxes thereon; keeping the same insured as to their judgments may seem best; renting and collecting the rents thereon, through their agent or agents, as to them may seem best, and in all respects controlling and managing said property as the true and lawful owners thereof might lawfully do.

"They shall also have the right, power and authority to lease, mortgage, sell or otherwise dispose of or convey any part or all of said property at any time and upon any terms and conditions as to them may seem best, with full power and authority to execute all deeds, conveyances, mortgages, notes and papers, transfers and other contracts and papers as to them may seem best, to the end that said property may be duly and properly administered and seasonably sold and turned into money, and distributed either in kind or after being turned into money, between the present owners of said property, or their heirs, legatees or distributees, in proportion to their ownership in said property, basing said ownership upon said will of said Tolbert F. Cheek as the source of title.

"In carrying out the said duties and powers of the said trustees or their successors as herein provided, they shall keep in mind that one of the main purposes of this trust is to provide for the ready sale of said property as a whole, or of any part thereof, when reasonable opportunity offers for such sale at a fair price, of which said trustees, or their successors as herein provided, are to be the sole judges, and, in the meantime, to protect and preserve said property and to make it bear as good an income as is consistent with reasonable safety."

In the case of Birmingham Trust & Savings Co. et al. v. Cannon, 204 Ala. 336, 85 So. 768, 773, this Court said: "It is no doubt true that a court of equity has jurisdiction for the enforcement of all trusts, and can generally be called upon by an interested party to construe or interpret the instruments creating or regulating the same; but in order to obtain an interpretation the instrument should be ambiguous or susceptible of a double meaning or construction, and where there is no bona fide doubt as to the true meaning and intent of the provisions of the instrument creating the trust, or as to the particular course that the trustee should pursue, there is no need for equitable interference. 3 Pomeroy Eq.Jur. § 1064; Clay v. Gurley, 62 Ala. 14."

We have stated our views in reference to complainant's right to have the court

construe or interpret the will of Tolbert F. Cheek. The rights, titles and interests conveyed by the trust deed are the rights, titles and interests devised under the will of Tolbert F. Cheek, and the doubtful construction or disputable solution of the will necessarily creates the same doubt or dispute as to the rights, titles and interests conveyed by the trust deed. While the construction of the will may also determine some of the questions relative to the construction of the trust deed, we see no ill effects from the construction of both instruments in that regard.

The trust deed itself creates some doubt as to the particular course to be pursued by the trustees. No definite time is fixed for the performance of the duty of the trustees to distribute the property intrusted to them, nor is a definite time fixed for the termination of the trust.

It is true that the trustees are vested with discretion in the exercise of some of the duties imposed by the trust, and appellants contend that the court has no authority by its decree to disturb the provisions made by the grantors in the trust deed for the exercise of the discretion thus vested in the trustees.

■ In general, the court will not interfere with the exercise of discretionary powers conferred upon a trustee. But in this case something depends upon the proper construction of the trust, and the court will not favor a construction which would confer an arbitrary or capricious authority. McDonald v. McDonald, 92 Ala. 537, 9 So. 195; Coker v. Coker, 208 Ala. 354, 94 So. 566; Strawn v. Caffee, 235 Ala. 218, 178 So. 430.

■ The deed recites that the trust was created "to the end that said property may be duly and properly administered and *seasonably sold and turned into money, and distributed either in kind or after being turned into money*" (Italics ours.) And further, that the trustees "shall keep in mind that one of the main purposes of this trust is to provide for the ready sale of said property, as a whole, or any part thereof, when reasonable opportunity offers for such sale at a fair price, of which said trustees, or their successors as herein provided, are to be the sole judges." Certainly, one construction of the trust would impose upon the trustees the duty of distributing the property within a "reasonable time."

■ The bill alleges that the surviving trustees "have wholly failed to give effect to the intendment and purpose for which the said trust was created, and have wholly failed to give effect to the provisions of said instrument of trust herein specifically quoted, namely, 'the main purpose of the trust is to provide for the ready sale of said property as a whole, or of any part, to the end that said property may be duly and properly administered and seasonably sold and turned into money, and distributed either in kind or after being turned into money, between the present owners of said property, or their heirs, legatees or distributees, in proportion to their ownership in said property, basing said ownership upon said will of said Tolbert F. Cheek as the source of title.' "

As stated, the trust deed is attached to and made a part of the bill of complaint and shows the relation of the parties and the duty in the premises. The foregoing allegation of breach of duty is sufficient. Louisville & Nashville R. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541; Mobile Light & R. Co. v. Ellis, 209 Ala. 580, 96 So. 773. The aspect of the bill here considered was not subject to the demurrer interposed.

■ In another aspect, the bill alleges that complainant and the devisees under the will of Tolbert F. Cheek, or their heirs, devisees or grantees, are joint owners and tenants in common of the lands involved, and that said lands cannot be equitably divided in kind among the joint owners and tenants in common, and that a sale thereof is necessary for a division.

We have carefully examined the averments of the bill relating to this aspect, and the demurrers interposed thereto, and are clear to the conclusion that the demurrers were properly overruled.

■ Whether or not the complainant is entitled to have her solicitors paid out of the corpus of the estate depends upon the nature of her right and title, and whether or not she is entitled to invoke a sale for division, and hence this question must await the interpretation of the will and deed of trust. Reid et al. v. Armistead et al., 224 Ala. 43, 138 So. 537.

We find no error, and the decree of the lower court is due to be, and is affirmed.

Affirmed.

All the Justices concur.